Lance C. Venable, Esq. (SBN #017074)
Venable, Campillo, Logan & Meaney P.C.
1938 East Osborn Rd.
Phoenix, Arizona 85016
Tel: (602) 631-9100
Fax: (602) 631-4529
lancev@vclmlaw.com
Attorney for Plaintiff

Jeffrey D. Shewchuk (Admitted Pro Hac Vice)
Shewchuk IP Services, LLC
3356 Sherman Court, Suite 102
Eagan, MN 55121
Tel: 651-331-9558
Fax: 651-688-3348
jdshewchuk@comcast.net

Roger W. Riviere (SBN 014017)
Riviere Law Group, PLLC
111 West Monroe, Suite 1212
Phoenix, AZ 85003
Tel: 602-258-5902
Fax: 602-258-9179
roger@rrazlaw.com
Attorneys for Defendant/Counterclaimant
Curt Manufacturing, Inc.

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **GEORGE SABIN,**<br><br>     Plaintiff,<br><br>          vs.<br><br>**CURT MANUFACTURING, INC.,**<br><br>     Defendant and Counterclaimant, | **Case No.: 2:08-CV-1852 PHX-SRB**<br><br>**PROPOSED JOINT CASE MANAGEMENT PLAN (FRCP 16(b),(c), 26(f))**<br><br>Date: _ February 23, 2009_____<br>Time: _ 9:45 A.M._____<br>Place:  Courtroom of the Honorable Susan R. Bolton<br><br>**The Honorable Susan R. Bolton** |

Under this Court's Order dated December 19, 2008 and under Federal Rule of Civil Procedure 26(f), the parties submit the following Joint Proposed Case Management Plan.

I.   **NATURE OF THE CASE**

   A.   **Plaintiff's Statement**

This is a free speech case in which a manufacturer of a defective trailer hitch has invoked meritless trademark claims in an effort to suppress a consumer criticism site that calls public attention to the product defect.

This case arose from a consumer criticism site created by the plaintiff, George Sabin, about a defective product made by the defendant, Curt Manufacturing Company, which, in Sabin's opinion, had caused a temporary total loss of control to a vehicle and trailer driven by Ted Stimpfel, with his son, on a busy freeway, a serious situation which could have caused death to Ted Stimpfel and his son. Sabin's criticism is that, although Curt had redesigned its model hitch, it failed either to recall the defective products or to notify previous purchasers of the defect. To call attention to this problem, Sabin registered a domain name that reflected the target of his criticism – curt-mfg.com – and created a web site to post there.

When Sabin's web site first opens, the viewer hears the high-pitched tone of a woman screaming, followed by circus music that plays in the background. At the very top of the web site is a prominent disclaimer, "This website is not affiliated with Curt Manufacturing, Inc. For their website, click here;" embedded in the word "here" is a hyperlink to Curt's own web site. The site then gives Curt's name and location, and, in the largest type on the entire website appear the words "CATASTROPHIC HITCH FAILURE!" The web site then proceeds to explain Sabin's criticism using prominent photographs of broken equipment along with highly critical text; viewers are asked to forward any information they may have about failures of the Curt hitch. At the end of the

web site, Sabin explained that his web site was a non-commercial consumer criticism site, and set forth a parody of Curt's logo, turning its name into "Curt Manufracturing" and showing Curt's hitch as being fractured, with a skull and cross-bones beside the logo. Finally, the web site notes Curt's effort to suppress the web site by filing a complaint under the Uniform Dispute Resolution Procedure.

On or about August 6, 2008, Curt complained to GoDaddy, the Internet Service Provider with which Sabin had registered his domain name. GoDaddy forwarded a copy of the complaint to Sabin. The complaint contended that the web site both defamed it and infringed Curt Manufacturing's trademark, and demanded that the web site be taken down by August 11, 2008; otherwise, Curt said it would begin legal proceedings. Sabin timely responded to this email. Curt subsequently filed a complaint with the National Arbitration Forum, invoking the Uniform Domain-Name Dispute Resolution Procedure ("UDRP"), as permitted by the registration agreement which Sabin accepted under the requirements of the Internet Corporation for Assigned Names and Numbers ("ICANN"), which administers the system of assigning domain names under contract with the United States Department of Commerce. The UDRP provides for a "mandatory administrative proceeding" that may be invoked by a complaint alleging that a given domain name infringes trademark rights, subject to de novo judicial reconsideration in the event that either party chooses to bring the controversy to federal court either during or after the UDRP process is completed.[1] Curt indicated in its complaint that it would accept jurisdiction to contest its claims in the courts located at the office of GoDaddy, the domain name registrar, which is located in Arizona.

The panelist having ruled in Curt's favor, Sabin then filed this action for a declaratory judgment of non-infringement. Because section 4(k) of the UDRP provides that transfer of the domain name is stayed pending final court action so long as

---

[1] *Barcelona.com, v. Excelentisimo Ayuntamiento De Barcelona*, 330 F.3d 617, 626 (4th Cir. 2004); *Dluhos v. Strasberg*, 321 F.3d 365, 372-73 (3d Cir. 2003); *Sallen v. Corinthians Licenciamentos LTDA*, 273 F.3d 14, 28 (1st Cir.2001); *Compana, LLC v. Aetna, Inc.,* 2006 WL 1319456, at *3 (W.D. Wash. 2006).

declaratory relief is sought in the court whose jurisdiction is accepted in the UDRP complaint, Sabin sought the declaration from this Court. Curt has filed a counterclaim alleging trademark infringement, cybersquatting, and breach of the UDRP.

### B.     Defendants' Statement

This case involves Plaintiff's Declaratory Judgment Action and Curt Manufacturing, Inc.'s ("Curt Mfg") counterclaims all surrounding a domain name and website at www.curt-mfg.com. Plaintiff's Declaratory Judgment Action seeks a ruling that it does not violate:

    a) 15 U.S.C. 1114 (trademark infringement);
    b) 15 U.S.C. 1125(a) (false designation of origin);
    c) 15 U.S.C. 1125(c) (trademark dilution); and
    d) 15 U.S.C. 1125(d) (cyberpiracy);

and further seeks a ruling that

    e) the decision of the National Arbitration Forum finding Plaintiff in violation of the UDRP is null and void.

Curt Mfg's counterclaims are for four of the five parts of Plaintiff's Declaratory Judgment Action, namely:

    a) 15 U.S.C. 1114 (trademark infringement);
    b) 15 U.S.C. 1125(a) (false designation of origin);
    d) 15 U.S.C. 1125(d) (cyberpiracy); and
    e) breach of contract (UDRP).

Further background of the case is presented in Curt Mfg's Responsive Memorandum Opposing Plaintiff's 12(b)(6) and Summary Judgment Motion.

## II. LIST OF ELEMENTS OF PROOF NECESSARY FOR EACH COUNT OF THE COMPLAINT AND EACH AFFIRMATIVE DEFENSE

### A. Plaintiff's Claim for Reverse Domain Name Hijacking

To prevail in his claim of Reverse Domain Name Hijacking under 15 U.S.C. § 1114(2)(D)(v), Sabin must establish that:

- he is the domain name registrant;
- his registered domain was suspended, disabled, or transferred under the registrar's policy as described under 15 U.S.C. § 1114(2)(D)(ii)(II);
- Curt Manufacturing is on notice, by service or otherwise, of the action; and
- Sabin's use or registration of the domain is not unlawful under the Lanham Act.[2]

### B. Defendant's Claims

To prevail in its claim for breach of contract, Curt Mfg must prove that:

a) Plaintiff entered into a contract;

b) Curt Mfg was a third party beneficiary under that contract;

c) Plaintiff breached the terms of that contract; and

d) Curt Mfg was damaged as a result of the breach.

To prevail in its claim for cyberpiracy under 15 U.S.C. 1125(d), Curt Mfg must prove that:

a) Curt Mfg owns a mark

b) from which Plaintiff has a bad faith intent to profit, and

c) Plaintiff registered, traffics in or uses a domain name that

---

[2] *Barcelona.com v. Excelentisimo Ayuntamiento De Bardelona*, 330 F.3d 617, 626 (4th Cir. 2003); 15 U.S.C. § 1114(2)(D)(v).

(I) in the case of a mark that is distinctive at the time of registration of the domain name, is identical or confusingly similar to that mark; or

(II) in the case of a famous mark that is famous at the time of registration of the domain name, is identical or confusingly similar to or dilutive of that mark.

To prevail in its claim for false designation of origin under 15 U.S.C. 1125(a), Curt Mfg must prove that:

a) Plaintiff used in commerce on or in connection with any goods or services a word, term, name, symbol, or device, or any combination thereof, which:

b) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Plaintiff with Curt Mfg as to the origin, sponsorship, or approval of Plaintiff's goods, services, or commercial activities by Curt Mfg.

To prevail in its claim for trademark infringement under 15 U.S.C. 1114, Curt Mfg must establish that:

a) Plaintiff is using in commerce or intending to use in commerce in connection with the sale, offering for sale, distribution, or advertising of any goods or services

b) any reproduction, counterfeit, copy, or colorable imitation of Curt Manufacturing's registered mark CURT;

c) on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive.

### C. Plaintiff's Affirmative Defenses

Regarding Curt Manufacturing's claims for trademark infringement and dilution, Plaintiff asserts that Curt Manufacturing's claims are barred based upon the following affirmative defenses:

- Sabin makes no commercial use of his web site with Curt Manufacturing's trademark(s);
- Sabin's First Amendment rights to create a gripe web site preempt Curt Manufacturing's trademark claims;
- Sabin's act of creating his website is protected under the fair use doctrine of trademark law to the extent that Sabin's use of Curt Manufacturing's trademark is nominative and is used in the context of a parody.

### D. Defendant's Affirmative Defenses

Regarding Plaintiff's claim for Reverse Domain Name Hijacking, Curt Mfg asserts that Plaintiff's claim is barred based upon the following affirmative defenses:

- Plaintiff's Complaint fails to state a claim for which relief can be granted;
- Curt Mfg has a *Noerr-Pennington* right to use judicial process;
- Plaintiff's claim is barred by Plaintiff's unclean hands; and
- Plaintiff's interpretation of the Lanham Act is unconstitutional.

## III.  THE FACTUAL AND LEGAL ISSUES GENUINELY IN DISPUTE

### A.  Plaintiff

Plaintiff contends that the following are the factual and legal issues genuinely in dispute:

- Whether, as a matter of law, a link on Sabin's web site to an email address ok@oklaw.us – a non-profit, non-commercial web site promoting consumer protection - classifies Sabin's web site as commercial in nature;
- Whether, as a matter of law, Curt Manufacturing's claims for trademark infringement against Sabin are barred by the First Amendment and by the principles of trademark fair use, including nominative use and parody based upon the purpose and content of Sabin's web site;

- Whether, as a matter of law, Curt Manufacturing can be a third-party beneficiary to the agreement executed between Sabin and GoDaddy – Sabin's web hosting company; and
- Whether, as a matter of law, Sabin's act of creating his web site under the curt-mfg.com domain name demonstrates that Sabin had a bad-faith intent to profit from Curt's trademark.

**B.    Defendant**

Curt Mfg contends that the following are the factual and legal issues genuinely in dispute:

- The extent to which, as a matter of fact, Plaintiff breached the Registration Agreement/UDRP, and the corresponding amount of damage to Curt Mfg;
- Whether, as a matter of law, Curt Mfg is a proper third party beneficiary to the Registration Agreement/UDRP;
- Whether, as a matter of law, the evidence submitted in the National Arbitration Forum proceeding supports a finding that Plaintiff registered curt-mfg.com in bad faith in violation of the Registration Agreement/UDRP;
- Whether, as a matter of fact, Plaintiff's actions associated with www.curt-mfg.com were in commerce on or in connection with any goods or services;
- Whether, as a matter of fact, Plaintiff's use of Curt Mfg's marks was likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association between Curt Mfg and Plaintiff's goods, services or commercial activities;
- Whether, as a matter of fact, Plaintiff had a bad faith intent to profit from curt-mfg.com;
- Whether, as a matter of fact, CURT, CURT MANUFACTURING, CURTMFG.COM and/or Curt Mfg's logo was famous under 15 U.S.C. 1125(d) as of June 14, 2008.

## IV. JURISDICTIONAL BASIS OF THE CASE

The jurisdiction of the case is based upon federal question jurisdiction (28 U.S.C. §§ 1331, 1337 and 1338) and for trademark claims under 15 U.S.C. §§ 1114(1), 1114(2)(D)(v) and 1121.

## V. PARTIES REMAINING TO BE SERVED

All parties have been served in this case.

## VI. NAMES OF PARTIES NOT SUBJECT TO THE COURT'S JURISDICTION

There are no parties in the case that are not subject to the Court's jurisdiction.

## VII. WHETHER THERE ARE DISPOSITIVE OR PARTIALLY DISPOSITIVE ISSUES TO BE DECIDED BY PRETRIAL MOTIONS, AND THE LEGAL ISSUES ABOUT WHICH ANY PRETRIAL MOTIONS ARE CONTEMPLATED

Plaintiff Sabin has already filed a motion for summary judgment with the court. Sabin believes that all issues in this case can be immediately resolved as there are no material facts that are in dispute in this case – only issues of law. The legal issues are thoroughly discussed in Sabin's motion.

Defendant Curt Mfg opposes Plaintiff's motion for summary judgment. Curt Mfg anticipates filing a dispositive motion at or before the conclusion of discovery if the Court does not grant summary judgment on Sabin's summary judgment motion, which is expected, at a minimum, to include Plaintiff's reverse domain name hijacking claims and Curt Mfg's contract and cyberpiracy claims.

**VIII. SUITABILITY FOR REFERENCE TO A MAGISTRATE JUDGE**

The parties do not believe this case is suitable for a magistrate judge. The case has already been removed from the magistrate judge originally assigned to the case.

**IX. STATUS OF RELATED CASES PENDING BEFORE OTHER COURTS OR OTHER JUDGES IN THIS COURT**

There are no other related cases pending before other courts or other judges in this court.

**X. SUGGESTED CHANGES, IF NECESSARY, IN THE TIMING, FORM, OR REQUIREMENT FOR DISCLOSURES UNDER RULE 26(A), FEDERAL RULES OF CIVIL PROCEDURE, INCLUDING A STATEMENT OF WHEN INITIAL DISCLOSURES WERE MADE OR WILL BE MADE**

The parties shall exchange initial disclosures on **February 16, 2009**. To satisfy the requirements of Fed.R.Civ.P. 26(a), the parties are filing with the Clerk of the Court a <u>Notice of Initial Disclosure</u>, rather than copies of the actual disclosures.

**XI. PROPOSED SPECIFIC DATES FOR:**

**A. Discovery;**

The parties propose a discovery cutoff date of **November 6, 2009**, by which all fact- and expert- discovery including answers to interrogatories, production of documents, depositions and requests to admit must be completed.

**B. Deadline for Filing Dispositive Motions;**

The parties propose that the deadline for filing dispositive motions shall be **December 18, 2009**.

C.  **Dates For Disclosure of Witnesses and Full and Complete Expert Disclosures under Federal Rule of Civil Procedure 26(a)(2)(c);**

The Plaintiff shall disclose the identity of all persons who may be used at trial to present evidence under Fed.R.Evid. 701, 702, 703, 704, and 705 no later than **July 8, 2009**.

The Defendant shall disclose the identity of all persons who may be used at trial to present evidence under Fed.R.Evid. 701, 702, 703, 704, or 705 no later than **August 5, 2009**.

Rebuttal experts, if any, shall be disclosed by **September 4, 2009**.

The disclosures of the identities of all persons who may be used at trial to present evidence under Fed.R.Evid. 701, 702, 703, 704, or 705 shall also include all of the disclosures required by Fed.R.Civ.P. 26(a)(2)(B) if the witness is either (1) retained or specifically employed to provide expert testimony in the case, or (2) is an agent or employee of the party offering the testimony whose duties regularly involve giving expert testimony.  No deposition of any expert witness shall occur before the disclosures concerning expert witnesses are made.

D.  **Pretrial disclosures under Rule 26(a)(3) of the Federal Rules of Civil Procedure; and**

The parties propose a deadline to finally supplement all discovery, including material changes in expert witness opinions and disclosure, pursuant to Fed.R.Civ.P. 26(a)(3), of all exhibits to be used and all witnesses to be called at trial, on or before **November 20, 2009**.

E.  **Scheduling of the final pretrial conference (allowing sufficient time for briefing dispositive motions (see LRCiv 56.1) plus 60 days)**

The parties propose that the final pretrial conference shall be **May 7, 2010**.

### F. Additional Deadline

The parties propose that all Motions to Amend the Complaint, and to join additional parties shall be filed no later than **April 17, 2009**.

## XII. THE SCOPE OF DISCOVERY AND WHETHER DISCOVERY SHOULD BE CONDUCTED IN PHASES OR SHOULD BE LIMITED TO OR FOCUSED ON PARTICULAR ISSUES

The parties agree that discovery should not be conducted in phases and should be focused on the particular issues derived from the claims against each party, namely trademark infringement, false designation of origin, cyberpiracy, breach of contract, and related defenses.

## XIII. SUGGESTED CHANGES, IF ANY, TO THE DISCOVERY LIMITATIONS IMPOSED BY THE FEDERAL RULES OF CIVIL PROCEDURE AND LOCAL RULE OF CIVIL PROCEDURE 16.2

At this time, the parties do not anticipate the need to modify the discovery rules under Rule 16.2 of the F.R.C.P.

## XIV. ESTIMATED DATE THAT THE CASE WILL BE READY FOR TRIAL, THE ESTIMATED LENGTH OF TRIAL, AND ANY SUGGESTIONS FOR SHORTENING THE TRIAL

The parties anticipate the case would be ready for trial by June 8, 2010 with an estimated length of two days. The parties have no suggestions for shortening the trial at this time.

### XV. WHETHER A JURY TRIAL HAS BEEN REQUESTED AND WHETHER THE REQUEST FOR A JURY TRIAL IS CONTESTED

The parties have not requested a jury trial at this time.

### XVI. THE PROSPECTS FOR SETTLEMENT INCLUDING ANY REQUEST OF THE COURT FOR ASSISTANCE IN SETTLMENT EFFORTS

The parties do not believe the prospects for settling the case are good at this time. If the parties wish to address settlement in the future, the parties would welcome the assistance of the Court.

### XVII. IN CLASS ACTIONS, THE PROPOSED DATES FOR CLASS CERTIFICATION AND OTHER CLASS MANAGEMENT ISSUES

This case does not involve a class action.

### XVIII. WHETHER ANY USUAL, DIFFICULT, OR COMPLEX PROBLEMS OR ISSUES EXIST WHICH WOULD REQUIRE THIS CASE TO BE PLACED ON THE COMPLEX TRACK FOR CASE MANAGEMENT PURPOSES

The parties do not believe this case merits being placed on the complex track for case management purposes.

### XIX. ANY OTHER MATTERS THAT WILL AID THE COURT IN RESOLVING THIS DISPUTE IN A JUST, SPEEDY, AND INEXPENSIVE MANNER

The parties are unaware of any other matters that will aid the Court at this time.

Dated this 16th day of February, 2009

By   S/ Lance C. Venable

Lance C. Venable, Esq.
Venable, Campillo, Logan & Meaney, P.C.
1938 East Osborn Rd.
Phoenix, Arizona  85016
Tel: 602-631-9100
Fax: 602-631-4529
Attorneys for Plaintiff



By   S/ Jeffrey D. Shewchuk

Roger W. Riviere, Esq.
Riviere Law Group, PLLC
111 West Monroe, Suite 1212
Phoenix, AZ  85003
Tel: 602-258-5902
Fax: 602-258-9179

Jeffrey D. Shewchuk, Esq.
Shewchuk IP Services, LLC
3356 Sherman Court, Suite 102
Eagan, MN  55121
Tel: 651-331-9558
Fax: 651-688-3348
Attorneys for Defendant/Counterclaimant
Curt Manufacturing, Inc.

**CERTIFICATE OF SERVICE**

☒   I hereby certify that on February 16, 2009, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

| Name | Email Address |
|---|---|
|  |  |

☐   I hereby certify that on _____, I served the attached document by FIRST CLASS MAIL on the following, who are not registered participants of the CM/ECF System:

| Name | Physical or Email Address |
|---|---|
|  |  |

s/  Lance C. Venable